plaintiff in *Bowers,* cannot rely on promissory estoppel to enforce Coggin's promises of future employment.

■ For similar reasons, he cannot escape the application of Mississippi's statute of frauds. Section 15–3–1 of the Mississippi Code requires that "any agreement which is not to be performed within the space of fifteen months from the making thereof" cannot be enforced unless the agreement is in writing. Vannoy does not dispute that Coggin's alleged oral promises were never embodied in any writing, even though the other terms of his retirement package were contained in letters and other documents. Although promissory estoppel can override the writing requirement in appropriate cases, Vannoy has not demonstrated sufficient detriment to justify overriding the statute of frauds.[10]

■ Finally, even if Vannoy could demonstrate sufficient detriment, Coggin's promises of future employment in this case are simply too vague and indefinite to support application of promissory estoppel.[11] Beyond Coggin's vague claims that Vannoy would "end up making more money," there was no discussion of salary, hours, responsibilities, or starting date. Indeed, Coggin never even specified what position Vannoy would fill, referring only vaguely to a consulting or training position. Under the circumstances, Coggin's alleged promises were simply too vague to support a promissory estoppel claim.

10. *Bowers,* 549 So.2d at 1314–1316. Vannoy, it should be noted, never contended that the promised consulting position would terminate within the fifteen month statutory period.

11. *Howell v. General Contract Corp.,* 229 Miss. 687, 91 So.2d 831, 834–35 (1957) (rejecting a claim that an indefinite, vague oral promise created a binding obligation); *see also Clark v. Kellogg Co.,* 205 F.3d 1079 (8th Cir.2000)

III

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Barandle L. WILLIAMS, Defendant–Appellant.**

No. 03–30484.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 2004.

Cristina Walker, Assistant US Attorney, Shreveport, LA, for Plaintiff–Appellee.

Gregory L. Kelley, Bossier City, LA, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and WIENER, Circuit Judges.

PER CURIAM.*

AFFIRMED. *See* 5TH CIR. R. 47.6.

(holding that an employer's alleged offer of "permanent, full-time employment" was too indefinite to support employees' promissory estoppel claim because the parties never agreed to a specific starting date, salary, benefits package, or work schedule).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

**354**

**Su–Inn HO, Plaintiff–Appellant,**

**v.**

**Charles MILLER, Chairman of Board of Regents The University of Texas System; Robert E. Witt, President The University of Texas at Arlington; Philip Cohen, dean of the Graduate School The University of Texas at Arlington; Richard B. Timmons, Chairman of the Department of Chemistry Department Professor of the Chemistry Department The University of Texas at Arlington; Krishnan Rajeshwar, Professor of the Chemistry Department The University of Texas at Arlington; Reed J. Blau, Assistant Professor of the Chemistry Department The University of Texas at Arlington a resident of Cache County, Utah, Defendants–Appellees.**

No. 03–10605.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 2004.

Su–Inn Ho, pro se, Arlington, TX, for Plaintiff–Appellant.

Lydia Kimble–Wright, Office of the Attorney General for the State of Texas, Austin, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.[*]

Su–Inn Ho appeals the summary judgment in favor of the defendants on her civil rights action dismissing her civil rights and tort claims regarding her dismissal from the doctoral chemistry program at the University of Texas at Arlington and the misdeeds of the individual defendants during a prior state lawsuit challenging her failure to obtain her doctoral degree. To the extent that Ho is challenging the proceedings in the prior state court action, those claims are "inextricably intertwined" with the state court's judgment, and the district court lacked jurisdiction to consider the allegations under the *Rooker-Feldman* [**] doctrine. Ho's attempts to challenge the propriety of the ruling in her first civil action by the federal district court is also improper. To the extent that Ho is repeating her challenges to her dismissal from the university's doctoral program, her claims are barred by the doctrine of *res judicata. See Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir.1983) (en banc). The judgment of the district court is therefore AFFIRMED.

---

the limited circumstances set forth in 5TH CIR R. 47.5.4.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).